UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CR243 JAR |
| | ) | |
| MICHAEL GLOVER a/k/a, | ) | |
| Born Taleem Bey, | ) | |
| Defendant. | ) | |

# **ORDER**

On June 21, 2012, the grand jury indicted Defendant Michael Glover a/k/a Born Taleem Bey on three-counts for unlawful possession of heroin with the intent to distribute under 21 U.S.C. §841(a)(1) (Count I), possession of a firearm in connection with distribution of heroin under 18 U.S.C. §924(c)(1) (Count II), and felon in possession of a firearm under 18 U.S.C. §922(g)(1) (Count III). (ECF Nos. 14-15).

On or around June 22, 2012, counsel, N. Scott Rosenblum and Adam D. Fein, entered their appearances on behalf of Defendant. (ECF Nos. 17-18).[1] Mr. Fein indicated to the Court that he suggested to Defendant filing several pretrial motions, including a motion to suppress, but that Defendant did not want to pursue that case strategy. Instead, Defendant wished to challenge the Court's personal and subject matter jurisdiction. Mr. Fein stated that he did not believe that he could pursue the jurisdictional motions in good faith, and asked to withdraw from the case. (ECF No. 49).

---

[1] Joseph Hogan entered his appearance on behalf of Defendant on May 24, 2012 (ECF No. 7), but moved to withdraw as counsel on June 28, 2012 (ECF No. 26).

During that time, Defendant filed pro-se motions challenging the Court's jurisdiction.[2] Specifically, Defendant filed a document captioned "Executor Office Demand This Case Adjourned" (ECF No. 13). In addition, on July 18, 2012, Defendant, pro-se, filed fifteen separate documents (ECF Nos. 32-46), each of which is captioned as:

> MOTION FOR WRIT OF CERTIORARI
> SEQUESTER
> MOTION TO FILE NOTICE CONCERNING FIDUCIARY RELATIONSHIP
> OFFICE OF EXECUTOR LETTLER FOR THE ESTATE,
> With Attachments
> BONDED REGISTERED WARRANTED CLAIM ORDER,
> REGISTERED WARRANTED CLAIM INVOICE and ORDER,
> BONDED WARRANTED APPOINTMENT OF PRIVATE COUNCIL

Pursuant to 28 U.S.C. § 636(b), these matters were referred to United States Magistrate Judge Frederick R. Buckles, who filed a Report and Recommendation on October 4, 2012 (ECF No. 57). Defendant filed objections to the Report and Recommendation (ECF No. 67).[3] The Magistrate Judge recommends that Defendant's Motions be denied. After de novo review of this matter, this Court adopts the Magistrate Judge's recommendation.

In his objections, Defendant argues that this Court lacks jurisdiction over "person and subject matter." (ECF No. 67, p. 1). In his Report and Recommendation, the Magistrate Judge noted that

---

[2]Although Defendant was represented by counsel at the time he filed these motions, it appears that he prepared and filed these motions of his own accord. Since the filing of these motions, the Court granted Defendant's counsel's motion to withdraw. Accordingly, the Court considers Defendant's pro-se motions.

[3]On October 11, 2012, the Court held a hearing on the First Motion for Leave to Withdraw as Counsel (ECF No. 49). During the hearing, the Court notified Defendant that it would consider his "Affidavit Response to Court Memorandum" (ECF No. 67) as his objections to the Magistrate Judge's Report and Recommendation. The Court also informed Defendant that he had until October 18, 2012 to file any additional objections. Defendant indicated that he understood this deadline and that he wished for the Affidavit Response to Court Memorandum to be treated as his objections to the Report and Recommendation. On or around October 18, 2012, Defendant filed a "Letter of Rogatory," which the Court also considers as his objections to the Report and Recommendation. (ECF No. 70).

this Court has "personal jurisdiction over [the defendant] by virtue of [the defendant] having been brought before it on a federal indictment charging a violation of federal law." (ECF No. 57, p. 2 (citing United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008)). Likewise, Magistrate Judge Buckles determined that the Court has subject matter jurisdiction because Defendant has been charged with violations of federal criminal laws. ECF No. 57, p. 3 (citing 18 U.S.C. §3231 "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."); United States v. Foster, 443 F.3d 978, 981 (8th Cir. 2006)). Based upon the Magistrate Judge's well-reasoned Report and Recommendation, the Court finds that it has personal and subject matter jurisdiction.

In his objections, Defendant also raises, for the first time, a Speedy Trial Act issue based upon post-indictment delay. (ECF No. 67, pp. 6-7)(citing 18 U.S.C. §3161). Defendant notes that the indictment was filed on June 21, 2012, and that, under to the Speedy Trial Act, trial must commence within 70 days from the date the information or the indictment was filed. 18 U.S.C. §3161(c)(1). Defendant asserts that more than 70 days have passed since the date the indictment was filed.

In the case of post-indictment delay, the Speedy Trial Act "'requires that a federal criminal defendant be brought to trial within 70 days of the filing of the indictment or of arraignment, whichever is later.'" United States v. El-Alamin, 574 F.3d 915, 922 (8th Cir. 2009)(quoting United States v. DeGarmo, 450 F.3d 360, 362 (8th Cir. 2006)). "Certain events, however, toll the speedy trial clock and result in the exclusion of time from the 70-day period." Id. For instance, the speedy trial clock is tolled during "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]" 18 U.S.C. § 3161(h)(1)(D)); El-Alamin, 574 F.3d at 922-23; United States v. Tinklenberg, 131 S. Ct. 2007, 2013-16 (2011). As noted by the Eighth Circuit, "every motion filed by a defendant, whether or not

it is frivolous and whether or not he is represented at the time of filing, tolls the speedy trial clock." United States v. Williams, 557 F.3d 943, 952 (8th Cir. 2009).

Here, Defendant filed his first pretrial motion on or before July 18, 2012. (ECF Nos. 32-46).[4] After excluding the time attributable to ruling on Defendant's pro-se motions, at most 27 days have elapsed. This case is set for trial on November 13, 2013 and, therefore, Defendant will be brought to trial within the 70 days allowed under the Speedy Trial Act.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge [57] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant Michael Glover's Pro-Se "Motions" [13, 32-46] are **DENIED**.

Dated this 22nd day of October, 2012.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[4]This Court considers Defendant's writs as the first motions because it is unclear how this Court should construe the "Executor Office Demand this Case Adjourned". (ECF No. 13).